United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30234
Conference Calendar
_____

CHARLES T. BUTLER,

Plaintiff-Appellant,

versus

BURL CAIN; RAYBORNE RAYBORNE DEVILLE,
Corrections Officer; UNKNOWN ESTES;
HOWARD PRINCE; DORA RABALAIS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 02-CV-340
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Butler, Louisiana prisoner # 209995, has filed an application for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. By moving for IFP, Butler is challenging the district court's certification that IFP should not be granted on appeal because his appeal presents no nonfrivolous issues. See Baugh v. Taylor, 117 F.3d

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

197, 202 (5th Cir. 1997). Butler's IFP "motion must be directed solely to the trial court's reasons for the certification decision." Id.

Butler does not address the district court's reasons for certification that his appeal was not taken in good faith. Specifically, he fails to address the district court's determination that his allegations of retaliation, insufficient inmate counsel, and false disciplinary charges were conclusional in nature and failed to assert a cognizable constitutional violation. Because Butler does not provide any analysis of these issues, he waives any appeal of them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Butler has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Butler's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Butler is cautioned that the district court's dismissal of his action for failure to state a claim and this court's dismissal of his appeal as frivolous count as two strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). If Butler accrues three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is

under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.